VANCE JOHNSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The defense should be permitted to recall a State's witness who has just left the stand, for the purpose of laying the foundation for impeachment.

2. Where there are peculiarities in the foot print of the defendant, evidence is admissible that the tracks thus made are "similar" to those found near the scene of the homicide.

3. The trial court may refuse opinion, evidence or experiments in the presence of the jury as to whether a spur strap attached to a shoe would make an impression on sandy soil.

4. Where the defense of an alibi is not set up the State should not be permitted to argue to the jury that there is "a great break in the pretended alibi."

This case was decided by Division A.

Writ of Error to the Circuit Court for Putnam County.

The facts in the case are stated in the opinion of the court.

*S. J. Hilburn and E. M. Calhoun,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—The plaintiff in error was indicted in the circuit court for Putnam county for the murder in the first degree of John A. Germond. He was tried and convicted and the death penalty was pronounced against him. No errors are assigned upon the record proper nor upon the charges of the court; the assignment based

upon the refusal to instruct upon circumstantial evidence is expressly abandoned.

The first assignment is upon the refusal of the court to permit the recalling of William Davis, a state witness, to allow the defendant to lay the foundation for impeachment. This witness had testified to seeing the accused about two o'clock in the morning of the night that Germond was killed, with a shot gun in his hand and in the vicinity of the homicide, and to other suspicious circumstances. The defense after putting two questions, announced no further questions as the witness stood down. Thereupon and before any further steps in the case were taken, the defense at once asked that he be placed back on the stand, stating that it was desired to show that the witness had said to others than in court that he had not actually seen the gun but had heard another say he saw it. The state objected to the recall of the witness and the court sustained the objection, no reason being assigned for the action. We think this error.

There is nothing in the bill of exceptions which appears to be unusually full and complete to justify the refusal. There is nothing to indicate that the attorneys for the defense were dilatory or trifling with the court; to the contrary the whole trial appears to have occupied but a single day and the cross-examination of the state's witnesses was short and concise. The witness so sought to be impeached, had just stood down and presumably was still immediately accessible. Human life was involved, and we cannot conceive why the court should have sought to apply so narrow a rule of procedure.

The precise point may not have been passed upon by this court, but the converse has been frequently decided. We have held that the court committed no error in permitting the state under similar circumstances, to recall a witness for the defense, in order to lay the

foundation for impeachment, and have said that in the furtherance of justice the discretion of the trial court in relaxing the rules of evidence to that end should be liberally exercised. Brown v. State, 40 Fla. 459, 25 South. Rep. 63; Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611; Burroughs v. State, 17 Fla. 643; Thomas v. State, 47 Fla. 99, 36 South. Rep. 161; Robinson v. State, 50 Fla. 115, 39 South. Rep. 465. These cases while recognizing a large discretion in the trial courts in the matter of relaxing the rules of evidence are instructive in that they assert the larger law that furtherance of justice should be the guide for courts rather than the blind following of rules of convenience that may have been adopted from time to time as more likely to bring about the main object of all courts, to see that justice is administered under the forms of law.

There are most respectable authorities holding that the right to recall for impeachment is absolute; but our precedents seem to forbid us following them and it is easy to imagine circumstances where a court to protect its dignity and the rights of the public in the speedy orderly administration of the criminal laws, would be justified in refusing the request, and therefore we content ourselves now in saying that the discretion under the facts disclosed on this record should have been exercised to allow the recall and the refusal so to exercise that discretion constitutes error.

The court permitted a deputy sheriff who arrested Johnson to testify that when taking him to the inquest he noticed that Johnson's left foot made a mark similar to one at the place of the homicide, and this is assigned as error. The testimony is not objectionable as giving the opinion of a non-expert witness. The witness did not say that in his opinion the tracks were made by the same person, testimony upheld as proper in Alford v. State, 47 Fla. 1, 36 South. Rep. 436, under circumstances not unlike

those here disclosed, but merely testified to a preliminary collective fact that there were similarities between the tracks made by the defendant's left foot and those examined by him at the scene of the homicide. The probative force of the evidence is subject to the tests of cross-examination and under the authority of the Alford case and of Whetstone v. State, 31 Fla. 240, 12 South, Rep. 661, the testimony was admissible. There was evidence as to peculiarities of this track.

One state's witness on the cross-examination and another upon the direct examination testified that the tracks examined near the scene of the homicide showed an impression under the instep near the heel of the shoe, and one of them testified to "an impression in the sand on the instep that made a mark like a strap." Upon cross-examination he stated that the tracks were in fine, dry sand and the mark appeared to have been made by a legging or spur strap, one-quarter or one-half inch wide, and made distinctly in the sand. The defendant put in evidence a spur which he testified he wore that night and offered in various ways to have experiments made whereby to test if the strap upon that spur would make an impression in sand and also offered a witness willing to swear that he was familiar with spurs and Florida sands and that he had made experiments and that a spur strap upon a shoe such as the defendant then wore would not make an impression in sand. These offers were all rejected.

The original spur in evidence has been forwarded to us under the order of the trial court for inspection.

As to the refusal to permit the proffered witness to testify as to what impression if any, a leather strap attached to a shoe, would make in sand, it would seem that the principle announced in Mann v. State, 23 Fla. 610, 3 South. Rep. 207, would be conclusive. The impression, if any, made by spur straps upon Florida sand

4

is a matter of common observation, a fact of common experience and may well be left to the jury, uninfluenced by the opinion of a witness who, in the nature of things probably has had no more or greater opportunity for observation than the jurors.

The above remarks also foreshadow our conclusion upon the refusal of the court to stop the trial to permit experiments to be made in the presence of the jury. In Spires v. State, 50 Fla. 121, 39 South. Rep. 181, we said: "The making of experiments by or in the presence of the jury is not favored by the courts. Evidence of this kind should be received with caution, and only be admitted where it is obvious to the court, from the nature of the experiments, that the jury will be enlightened, rather than confused." And we further held in that case that much was left to the trial court's discretion whether such experiments should be permitted, and in Hisler v. State, 52 Fla. 30, 42 South. Rep. 692, it was said by us that where the trial court exercised its discretion in rejecting evidence of an experiment, we would not review the ruling unless an abuse of discretion appears. Upon the authority of these recent cases we shall not sustain these assignments.

In his argument to the jury, the special attorney for the state used this language. "The defendant has not accounted for himself from the time he left the home of William Davis up to 2:30 o'clock that night. An alibi is a good defense if properly connected so as to satisfy the jury of the whereabouts of the defendant, but there is a great break in the pretended alibi." Over the defendant's objection the court refused to interfere with this assignment.

A wide latitude is, of course, allowed counsel in argument and illogical deductions are their privilege; but the bill of exceptions before us does not disclose the defense of an alibi. The state's witnesses on the exam-

ination in chief placed this defendant at three separate houses during the night of the homicide under circumstances more or less suspicious. He offered no witnesses but himself and his testimony went only to explain why he was at those particular houses where the state located him and a denial that he was present at the killing. We fail to find in this a pretended alibi that was broken. He was not called upon to account for himself, therefore, and the argument was improper.

As the judgment is to be reversed we shall make no comment upon the sufficiency of the evidence to support the verdict.

The judgment is reversed and a new trial ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.