### JOHN LUTTRELL v. STATE OF FLORIDA

9 So. (2nd) 93                En Banc
June 12, 1942       Rehearing Denied July 8, 1942

Bell & Bell, W. D. Bell and R. K. Bell, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, John Luttrell, was informed against, tried and convicted of the crime of an assault with intent to commit rape. The trial court heard and overruled a motion for a new trial and sentenced the appellant to serve a period of seven years at hard labor in the State prison, and from this judgment and sentence an appeal has been perfected to this Court.

In a motion to quash the information counsel for appellant in the lower court and here contend that the

information: (a) fails to charge a crime against the criminal laws of Florida; (b) a judgment of conviction or acquittal under the information will not protect appellant from a subsequent prosecution for the same offense; (c) the information being drafted under the several provisions of Sections 7165 and 7544 C.G.L. is not only duplicitous but deprives appellant of constitutional rights vouchsafed by Section 1 of the Fourteenth Amendment to the Federal Constitution. We are unable to follow the conclusions of counsel, as the record clearly discloses that the appellant was informed against, by a jury convicted, and by the trial court adjudged guilty of the crime of an assault with intent to commit rape denounced by the provisions of Section 7165 C.G.L.

It is next contended that certain photographs of the appellant showing scratches on his neck and face admitted into evidence by the State over the seasonable objections of counsel for the appellant constitute reversible error. Several cases are cited to sustain this contention. The answer to this contention is found in the case of Mardoff v. State, 143 Fla. 64, 196 So. 623, and Lindberg v. State, 134 Fla. 786, 184 So. 662.

Articles of clothing worn by the prosecutrix at the time of the alleged assault were introduced in evidence by the prosecution. These articles were objected by counsel for the appellant on the ground that the prosecution failed to establish that the clothes were in the same condition as when the alleged assault was committed. The record fails to disclose the change, if any, in the condition of the articles of clothing at the time of the alleged assault and when offered and admitted into evidence. The objections of counsel fail to state or describe the alleged changed condition

of the several articles of clothing. If it is established that the alleged changed condition occurred since the time the alleged assault was committed and the appellant was not a party thereto, then prejudicial error was committed. It is reasonable to assume that counsel for appellant did not recognize the change as prejudicial or steps would have been taken necessary to convince the trial court that appellant's rights were invaded. We cannot assume this to be true from the record presented.

It is next contended that the trial court abused its discretion when it denied the request of counsel for the appellant for a view of the locus in quo or the premises by the jury. Requests of this nature are regulated by Section 210 of the Criminal Code (Chapter 19554, Acts of 1939, Laws of Florida). The view of the scene was requested on the theory that the jury would be aided in its deliberation by obtaining an eye picture of the scene of the crime and from a retained mental picture, when reviewing the testimony of the witnesses appearing in the case, the jury could place the witnesses at identified points around the scene of the crime, and with this additional information the jury would have and possess a thorough, accurate and comprehensive knowledge of the several matters submitted. We are inclined to adopt the theory of counsel for the appellant, but Section 210, supra, is controlling and reversible error has not been established.

It is next contended that the evidence is insufficient to sustain the verdict here reached. The answer to this contention is the testimony of the prosecutrix and that of Mr. Skates. Although the latter witness made an indiscreet remark to the effect that if he returned

to Georgia and did not appear in the trial of the case as a witness the appellant's opportunity for an acquittal at the trial would be advanced, the jury had a right, under appropriate instructions by the Court under our system of law, to weigh these matters. We cannot substitute our views for the conclusions of the jury.

We fail to find error in the record and accordingly the judgment appealed from is affirmed.

WHITFIELD and TERRELL, JJ., concur.

ADAMS, J., concurs specially.

BROWN, C. J., BUFORD and THOMAS, JJ., dissent.

ADAMS, J., concurring specially:

I concur in the statements of law in the dissenting opinion of Mr. Justice Thomas; however, I agree to the judgment of affirmance because the burden is with plaintiff in error in this Court to show reversible error. It is not presumed that error injuriously affected the substantial rights of the defendant. Section 309, Florida Criminal Code.

The wearing apparel erroneously received in evidence is not before this Court and we therefore cannot judicially determine the harmful effect of same in evidence.

THOMAS, J., dissenting:

I am unable to agree to the conclusion reached by the majority of the court because of the manner in which it deals with the objection made at the trial to the introduction of certain clothing worn by the prosecuting witness at the time of the alleged crime. This evidence offered in support of a charge of assault with intent to commit rape was of considerable im-

portance and in all probability had great weight with the jury in determining the guilt of the accused.

It is said in the majority opinion that "the record fails to disclose the change, if any, in the condition of the articles of clothing at the time of the alleged assault and when offered and admitted into evidence." Then there is added the observation that "the objections of counsel fail to state or describe the alleged changed condition of the several articles of clothing." This statement indicates that the burden was the defendant's to establish that the clothing was not in the same condition at the time of the trial as when taken from the body of the prosecuting witness immediately following the attack upon her.

It is my view that when evidence of this character is offered by the state and challenged by the defendant on the ground that it has not been properly identified the prosecution must show its admissibility by demonstrating that the objects offered are in substantially the same condition as they were at the time of the commission of the offense. Wharton's Criminal Evidence (11th Edition), Volume 2, page 757, citing Hancock v. State, 90 Fla. 178, 105 So. 401.

It seems appropriate at this juncture to review briefly the procedure in the trial court leading up to the attempted identification of the articles of clothing. There had been a former trial of the case. At the subseqeunt trial, the record of which is before us, the state attorney called as a witness the clerk of the circuit court and asked her if she held such position at the last term of the court. She replied in the affirmative and was then asked to "please examine that bag [containing the clothing] and tell what that is?" To which she replied "It is the exhibit filed in

evidence by the State of Florida in the case of State of Florida v. John Lutrelle." There followed the question whether she had "had possession of this exhibit since the last trial." Her answer: "Yes sir." There was no effort to prove who had the custody of this important evidence at any time prior to the former trial."

It is my conviction that the first proceeding was nugatory and that the second one proceeded de novo as if no trial had been held. 39 Am. Jur. New Trial page 217. When the testimony was later introduced at the second trial there was no presumption that it had been properly identified at the initial one. It is reasonable to suppose that the original introduction of the evidence was based upon the testimony of witnesses who knew of its whereabouts and conditions up until that time. That evidence was not, and could not have been, considered (Chapter 8572, Laws of Florida, Acts of 1921) at the trial which culminated in conviction.

It is my firm belief that the admission, in the manner described, of the garments worn by the woman at the time of the alleged assault with intent to rape was reversible error.

BROWN, C. J., and BUFORD, J., dissent.