## JOE FERGUSON v. STATE OF FLORIDA; JAMES ANDREW MAXWELL v. STATE OF FLORIDA.

28 So. (2nd) 427
December 10, 1946
Rehearing denied Jan. 11, 1947

June Term, 1946
En Banc

*L. E. Thomas,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellants each having been indicted, tried and convicted of the crime of rape have each perfected their appeal to this court.

The indictment is in three counts. The first count charged James Andrew Maxwell and Joe Ferguson each as principal in

the first degree with having committed the crime of rape upon one Eunice James.

The second count charged James Andrew Maxwell as principal in the first degree with having committed the crime of rape on Eunice James and charged Joe Ferguson as principal in the second degree with having committed the crime of rape on Eunice James by being then and there present, aiding and abetting James Andrew Maxwell in the commission of such crime.

The Third count charged Joe Ferguson as principal in the first degree with having committed the crime of rape on Eunice James and charged James Andrew Maxwell as principal in the second degree with having committed the crime of rape on Eunice James by being then and there present, aiding and abetting Joe Ferguson in the commission of said crime.

The jury returned a verdict as follows:

"We, the jury, find the defendants James A. Maxwell and Joe Ferguson guilty of rape as charged in the indictment. So say we all."

Six questions are presented for our consideration and we adopt the form of the statement of the question presented. As contained in appellees brief, the first question is:

"Did the trial court unfairly and palpably abuse its discretion in overruling the appellants' motion for charge of venue?"

The record shows that the alleged crime was committed on March 26, 1946; that on March 28, 1946, the Circuit Judge, pursuant to the Governor's request made under authority of Section 950.02 Fla. Statutes 1941 (same F.S.A.) ordered that the accused be transferred from Broward County jail to Dade County jail and that they be kept in Dade County jail subject to further order of the court.

On April 16, 1946, an order was made requiring the accused to be brought before the court on that date for arraignment and that they then be returned to the Dade County jail.

The record shows that the accused had retained counsel.

The record also shows that the time for arraignment was set after consultation with counsel for the defendants. On the same date the accused with their respective attorneys

were present in open court and upon being arraigned, entered pleas of not guilty. Thereupon the trial was set for May 23rd, 1946. On May 23rd, 1946, after the prospective jurors had been examined on their voirdire as to their general qualifications to sit in the trial of the accused, the accused Joe Ferguson made an oral motion for change of venue which oral motion was orally concurred in by James Andrew Maxwell. The motions for change of venue fell far short of complying with provisions of Section 911.03 and 911.04 Fla. Statutes 1941 (same F.S.A.) as to form, contents, time of filing and notice to the state. No excuse or reason was given for the motions not having been made in compliance with the statute and, at best, the motions presented no reasonable ground for a change of venue. When the motions were overruled the court proceeded with the business of selecting a jury. When the jury was selected and accepted by all parties, the record shows that a venire of thirty-six men had been summonsed to serve as veniremen; that in selecting the jury each of the defendants was entitled to exercise ten peremptory challenges and the state was entitled to a like number of peremptory challenges; that the state peremptorily challenged five veniremen; that Ferguson peremptorily challenged nine veniremen and Maxwell peremptorily challenged six veniremen. So the record entirely fails to show any reversible error under the rule laid down in the case of Jeffcoat v. State, 103 Fla. 466, 138 So. 385, and cases there cited.

The second question is:

"Where a three count indictment against the appellants Maxwell and Ferguson, for rape, charges (1) both of them as principals in the first degree, (2) Maxwell as principal in the first degree and Ferguson as principal in the second degree, and (3) Ferguson as principal in the first degree and Maxwell as principal in the second degree; and where the evidence shows that Ferguson raped the victim while Maxwell was present, aiding and abetting and that then Maxwell raped her while Ferguson was present aiding and abetting; was it prejudicial error for the trial court to overrule Ferguson's motion, not made at the close of the State's evidence in chief, to require the State to elect between counts?"

Before the jury was sworn Ferguson, but not Maxwell, moved the court to require the state attorney to elect as to which count it would proceed on. The motion was denied. Then, after all the evidence had been presented and both sides had closed their case, Ferguson made another motion for election as between the counts. The motion was denied.

We find no error in this action.

There was no repugnancy or inconsistency between the three counts of the indictment. The three counts each charged the identical offense to have been committed in different ways and the record shows that each of the appellants committed the crime of rape by having sexual intercourse with Eunice James with force of arms and against her will, that while James Andrew Maxwell actually committed the crime Joe Ferguson held the companion of Mrs. James to prevent said companion from rendering any assistance to Mrs. James and that while Joe Ferguson actually committed the crime James Andrew Maxwell held the companion of Mrs. James so as to prevent him from giving aid to Mrs. James. So there was no abuse of judicial discretion in denying either of the motions made by the defendant Ferguson. See Mayers v. State, 126 Fla. 640, 171 So. 824 and cases there cited; also Kearson v. State, 123 Fla. 324, 166 So. 832; Duke v. State, 134 Fla. 456, 185 So. 422; Pope v. State, 84 Fla. 428, 94, So. 865.

The third question is:

"Did the trial court commit reversible error in refusing to permit defense witness Russell to testify as to the condition of the moon the night before the trial (nearly two months after the night of the rape)?"

All that need be said in regard to the contention made under this question is that the record fails to show any error in this regard.

The fourth question is:

"Did the trial court abuse its judicial discretion in denying the appellant Ferguson's motion that the jury be permitted to review the scene of the rape?"

It is not made to appear that any useful purpose could have been served by the jury being permitted to view the scene of the alleged crime. It was contended by the appellant Fergu-

son that the jury should have been allowed to see for them-selves the chances that the prosecuting witness might have had to identify the defendants. This was a matter which presented itself to the sound discretion of the trial court and we think that under the rule stated in Spires v. State, 50 Fla. 121, 39 So. 181, and in Dixon v. State, 143 Fla. 277, 196 So. 604 and in Luttrell v. State, 150 Fla. 809, 9 So. (2nd) 93, the motion was properly denied.

The fifth question is:

"Where an experiment in identification was begun near the scene of the crime on the night before the trial (nearly two months after the rape) by the appellant Ferguson's witness Stetson, under conditions not similar to those existing the night of the rape, did the trial court abuse its discretion in denying Ferguson's proffer to have Stetson complete said experiment in the presence of the jury?"

The appellants complain of the trial court's ruling in denying Ferguson's proffer to perform an experiment in the jury's presence for the purpose of showing that the State's witnesses could not have seen the accused at the time of the commission of the crime well enough to recognize and identify them later.

We think that this point has been settled adversely to the contention of the appellants in the case of Spires v. State, supra, and by the several cases cited in this court's opinion in support of its holding in that case. It could serve no useful purpose for us to say more than was said in the Spires case. The identification of the defendants by the victim of the assault, Mrs. James, and by her companion at the time, Mr. Adams, both of whom had opportunity to see and observe both of the defendants under conditions which could hardly be duplicated in any experiment which might be made. It is certain that the experiment, the result of which was proffered in evidence in this case, was not admissible under our rulings in the cases above referred to.

The sixth and last question is as follows:

"Was it prejudicial error to permit a state witness to testify that certain markings on the bottoms of shoes admittedly worn by the appellant Ferguson on the night the rape

was committed, were found in footprints discovered near the scene of the crime?"

Under this question the appellants complain that the testimony of deputy sheriff Robert L. Clark in regard to certain peculiarities of the footprints observed by him near the scene of the crime and as to the fact that shoes worn by the appellant Ferguson on the night that the alleged crime was committed and which were introduced in evidence were marked by the same peculiarities which he found in the footprints near the scene of the crime, was improper and prejudicial.

The testimony of the witness Clark differs from that which was discussed in the case of Alford v. State, 47 Fla. 1, 36 So. 436. In the Alford case the witness was permitted to testify in effect that he was of the opinion that certain footprints found near the scene of the crime were Alford's footprints. In the instant case Clark was not permitted to testify as to his opinion in this regard but Clark's testimony in regard to the footprints was nothing more than a delineation of the facts which he found, that is certain peculiarities of those tracks and to certain peculiarities found on the heels and holes of the shoes which Ferguson had worn.

Therefore, it is our conclusion that Clark's testimony was admissible under the rule laid down in Johnson v. State, 55 Fla. 46, 46 So. 154, and cases there cited, and which rule is also stated in 23 C.J.S. 90 and 91, Sec. 876.

Our conclusion is that no reversible error is made to appear and therefore, the judgment must be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, THOMAS, ADAMS and BARNS, JJ., concur.

