261 So.2d 561 (1972)
Alton Glenn DICKENSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1104.
District Court of Appeal of Florida, Third District.
May 9, 1972.
*562 Manuel W. James, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was charged with the crime of assault with intent to commit murder in the first degree. He was tried before a jury, found guilty of the included charge of assault with intent to commit murder in the second degree, and sentenced to two and one-half years in the state prison. This appeal followed.
The points presented for reversal are: (1) the court erred in admitting appellant's inculpatory statements to the arresting officers; (2) the court erred in instructing the jury concerning the included crime of assault with intent to commit murder in the second degree; (3) appellant was denied a fair trial because his privately retained counsel was incompetent.
The first point does not present reversible error. The record reveals ample evidence to support a finding that the statements were voluntarily made after appellant had been fully warned of his rights. It is urged that the court should have held a pretrial evidentiary hearing when appellant moved to suppress the statements. Of course, that is the proper procedure. See Rule 3.190(i), R.Cr.P., 33 F.S.A. The record in this case reveals that the court set defendant's motions for hearing and disposition. Appellant, through his counsel, requested a continuance of the motion to suppress. The court granted a continuance on the condition that appellant's counsel inform the court as soon as he was ready to proceed. No hearing was ever requested in connection with the continued motion. The cause proceeded to trial without objection or a request for a prior determination of the continued motion. Under these circumstances no error was committed. Unless fundamental error can be shown, an appellate court will not reverse a trial judge upon a matter which is not presented to him for a ruling. See Davis v. State, Fla.App. 1969, 226 So.2d 257.
Appellant's second point does not present error because assault with intent to commit murder in the second degree is a lesser included offense of the crime of assault with intent to commit murder in the first degree. See Bailey v. State, Fla. 1969, 224 So.2d 296.
The third point urges that appellant should be granted a new trial because of the alleged incompetence of appellant's privately retained trial counsel. Such an argument is not a ground for post-judgment relief. Cappetta v. Wainwright, Fla. 1967, 203 So.2d 609; Belsky v. State, Fla.App. 1970, 231 So.2d 256. Nevertheless, we have examined the record and find no action or failure to act by appellant's trial counsel that cannot reasonably be explained as a decision undertaken with the best interests of the appellant in mind. The proof of guilt was more than adequate and appellant's testimony on the stand did not aid his cause. A conviction for a lesser included offense reflects effective assistance of counsel where the undisputed fact is that appellant shot the unarmed victim at close range after stating that he would do so.
Affirmed.