PER CURIAM.
The appellant was convicted of several felonies following a jury trial. He has prosecuted this appeal and urges error in the failure of the trial court to hear argument on his motion to suppress prior to the commencement of the trial, and alleges error in the trial court’s denial of a motion for mistrial predicated upon certain prejudicial statements made during the closing argument by the prosecuting attorney. We affirm.
Undoubtedly, the better practice in a jury case would be for the trial court to determine a motion to suppress prior to the commencement of the trial. However, we find no error in the instant case because the matter had previously come on for trial and, during the progress of this initial trial, a mistrial was directed by the trial court. Between this proceeding and the subsequent jury trial, resulting in the convictions here under review, the appellant filed a written motion to suppress; however, he did not call this to the attention of the trial court until after the jury had been impanelled and the case commenced, at which time the trial court indicated it would rule on the motion when the occasion arose during the trial [which she did by overruling same].
Under the particular circumstances of this case, we do not find that the failure to consider the motion and rule thereon prior to the commencement of the second trial to have constituted reversible error, particularly when we concur in the position of the trial judge that there was no illegal search and seizure. Ferguson v. State, 158 Fla. 345, 28 So.2d 427; Law v. State, Fla.App.1967, 204 So.2d 741; Howard v. State, Fla.App.1970, 239 So.2d 83; Dickenson v. State, Fla.App.1972, 261 So.2d 561; § 924.-33, Fla.Stat., F.S.A.
We have examined the second point and find it to be without merit. The defendant took the stand; on cross-examination it was brought out that he had been *779 convicted of a crime at least seven times before the instant proceeding. The comments by the prosecution going to the veracity of the defendant’s testimony was appropriate under the circumstances. Dabney v. State, 119 Fla. 341, 161 So. 380; Madison v. State, 138 Fla. 467, 189 So. 832.
Therefore, for the reasons above stated, the verdict, judgments of conviction and sentences here under review be and the same are hereby affirmed.
Affirmed.