PER CURIAM.
The appellant was found guilty of second degree murder after a trial before a jury. On this appeal, the points raised are directed to the court’s denial of the defendant’s motion to suppress a confession. Appellant argues that the court erred in two particulars: (1) in failing to hear the motion to suppress prior to the trial, and (2) in failing to grant the motion.
The trial court heard evidence and denied appellant’s motion outside the hearing of the jury and prior to the admission of any testimony referring to the confession. Appellant contends that the court erred in failing to hear evidence on the motion prior to the trial. We need not determine, in this case, whether the rule directs a hearing prior to trial of testimony on a motion to suppress. But see Foster v. State, Fla.App.1971, 255 So.2d 533. In the instant case, appellant, by his own conduct, made impractical the hearing of the motion before the trial. The motion was filed one day before trial after the case had been set for trial for some time and witnesses had been subpoenaed. In addition, no hearing was requested on the motion until after the case had been called for trial. Under these circumstances, the appellant cannot complain that the cause was not continued in order to hear his motion. See Kemp v. State, Fla.App. 3rd 1973, 271 So.2d 777; Dickenson v. State, Fla.App. 1972, 261 So.2d 561.
Appellant’s second point urging error upon the merits of the motion to suppress presents a factual question. Appellant’s argument is in effect that the evidence before the court was such that the finding that the appellant was capable of making a voluntary statement is not supported by evidence that is free of reasonable doubt. Our review of the record convinces us that such is not the case.
Since we have failed to find error upon any of the matters assigned, the judgment and sentence are affirmed.
Affirmed.