293 So.2d 391 (1974)
STATE of Florida, Appellant,
v.
Vicky A. LYONS, Appellee.
No. 73-728.
District Court of Appeal of Florida, Second District.
April 3, 1974.
*392 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
John A. Henninger, St. Petersburg, for appellee.
MANN, Chief Judge.
So far the trial judge has had no opportunity to find out what this case is all about. Rule 3.190(h)(3), 33 F.S.A., has been amended to read as follows:
"Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence."
The trial judge took this to mean that the burden of proof had been shifted to the defendant and held the rule unconstitutional. The State, which presumably appeared at the hearing with officers who had taken the time from other duties to testify concerning the allegedly invalid search, declined to play by the trial judge's rules and took this interlocutory appeal. We consider first a "Motion for Transfer Due to Lack of Jurisdiction" filed after oral argument.
The first paragraph of the motion reads:
"Upon reading and examining the NOTICE OF RELIANCE FILED in this cause and received by the undersigned on January 21, 1974, it has been discovered that when the constitutionality of a rule of criminal procedure is challenged, the jurisdiction is apparently in the Supreme Court of Florida, State v. Lott [286 So.2d 565] (FSC 1973), filed December 5, 1973."
The best evidence of the Supreme Court's jurisdiction is the Florida Constitution, Article V, § 3, F.S.A., which reads in part:
"The Supreme Court:
(1) Shall hear appeals from final judgments of trial courts imposing the death penalty and from orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution.
......
(3) May review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, that passes upon a question certified by a district court of appeal to be of great public interest, or that is in direct conflict with a decision of any district court of appeal or of the supreme court on the same question of law, and any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the supreme court; and may issue writs of certiorari to commissions established by general law having statewide jurisdiction."
Although not expressly stated, jurisdiction of the Supreme Court in State v. Lott, supra, appeared to rest upon the trial court's construction of the equal protection clause. Certainly a rule of criminal procedure is not "a state statute or a federal statute or treaty," so we must assume that the trial court in Lott was "construing a provision of the state or federal constitution." There is a difference between construing a *393 constitutional provision and the application of settled principle to the case at hand.[1] The question now before us is one on which there is an abundance of federal authority, none of which was inflicted on the trial judge or, for that matter, on this court. Consequently, because the trial court did not pass on the validity of a state statute or federal statute or treaty, we must consider whether the misapplication of settled constitutional doctrine amounts to a construction of the constitution. We think it does not.
The second ground of the motion to transfer states:
"The undersigned further believes that the jurisdiction should be in the Supreme Court of Florida based upon Article 5, Section 2, Constitution of the State of Florida, in that this cause is an interlocutory order passing upon a matter which upon final judgment would be directly appealable to the Supreme Court of Florida. It is the Appellee's contention that the portion of RCrP 3.190(h)(3) challenged in this cause is in direct conflict with Earman v. State, 265 So.2d 695 (FSC 1972), and therefore directly appealable to said Court."
Even if the rule is in conflict with Earman v. State, the Supreme Court has a perfect right to adopt a rule at variance from its own precedents. It is given that right by Article V, § 2(a) of the Florida Constitution, and even if the rule is in conflict with a prior decision of the Supreme Court, no ground for certiorari under Fla. Const. Article V, § 3(b)(3) appears. Consequently, we deny the motion to transfer due to lack of jurisdiction.
We think that the interpretation of Federal Rule 41 is pertinent here.[2] 8A Moore, Federal Practice § 41.08(4) states:
"The burden is on the moving party, i.e., the defendant, to prove that the search was invalid; however, if it is established that the search was made without a warrant, the burden shifts to the government to produce `clear and convincing evidence' that the warrantless search meets constitutional requirements."
Thus what is required of the defendant is an initial showing of the search's invalidity, whereupon the burden of going forward shifts to the state.[3] Two aspects of the rule would require, first of all, a pleading sufficient within itself to allege an unlawful search, and secondly, at the hearing, a prima facie showing of invalidity. The Fifth Amendment question seems to have been resolved satisfactorily in the federal courts and, after referring the parties to Moore, supra; 5 Orfield, Criminal Procedure Under the Federal Rules, § *394 41:54; and 3 Wright, Federal Practice and Procedure, § 675, and emphasizing that the burden of proving the search to be a valid one remains upon the State once the initial showing is made by the defendant, we are confident that the trial judge will now proceed in this matter in accordance with the law. This will include Mr. Justice Harlan's opinion in Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247, especially at 390, where he states that petitioner "contends that testimony given by a defendant to meet such requirements should not be admissible against him at trial on the question of guilt or innocence." We agree. Thus, Fifth Amendment rights are protected by excluding evidence given in support of Fourth Amendment claims.
Vacated and remanded.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407; Carmazi v. Board of County Commissioners, Fla. 1958, 104 So.2d 727; Milligan v. Wilson, Fla. 1958, 104 So.2d 35; Rojas v. State, Fla. 1973, 288 So.2d 234, 236; Ogle v. Pepin, Fla. 1973, 273 So.2d 391.
[2] Federal Rule of Criminal Procedure 41(f) provides that: "A motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12." Rule 12(b) (4) provides: "A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. An issue of fact shall be tried by a jury if a jury trial is required under the Constitution or an act of Congress. All other issues of fact shall be determined by the court with or without a jury or on affidavits or in such other manner as the court may direct." Despite the textual difference between the Florida and Federal Rules, we consider the federal court cases construing Rule 41 as highly persuasive in interpreting the analogous Florida rule.
[3] We refrain from deciding what degree of proof is required in a suppression hearing, but note that the "clear and convincing" standard cited in Moore has been abandoned by the federal courts. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); See also Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); accord McDole v. State, Fla. 1973, 283 So.2d 553, holding a preponderance of evidence sufficient to establish the voluntariness of a confession.