305 So.2d 804 (1975)
STATE of Florida, Appellant,
v.
Michael Lee HINTON, Appellee.
No. 74-340.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
*805 Gregory M. Wilson, Asst. State Atty., Orlando, for appellant.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Asst. Public Defender, West Palm Beach, and Elliot R. Brooks, Legal Intern, for appellee.
*806 MAGER, Judge.
The State appeals the trial court's order granting defendant's motion to suppress certain evidence alleged to have been illegally seized.
Defendant was charged with possession of cannabis, in violation of Section 893.13(1)(e), Florida Statutes. Before trial, defendant filed a motion to suppress evidence alleged to have been illegally seized by the police "from the defendant, his automobile or his premises". The motion set forth three grounds upon which the defendant predicated his contention that the evidence was the result of an "unreasonable search and seizure", such grounds being:
"1. Probable cause did not exist for the above-mentioned search.
2. The property was illegally seized without a warrant.
3. The search and seizure was the product of an illegal arrest. Spinelli v. U.S. [393 U.S.] 410 [89 S.Ct. 584], 21 L.ed2d 637 (sic), Draper v. United States, 358 U.S. 307 [79 S.Ct. 329], 3 L.ed. 327."
In addition, defendant's motion set forth a general statement of facts upon which the motion was based.[1]
A hearing was held on defendant's motion to suppress at which time it was contended that the evidence was seized pursuant to a warrantless arrest and search. In particular, the following colloquy sets forth the pertinent facts giving rise to the granting of the motion to suppress and the instant appeal:
"MR. WILSON: That's fine, Your Honor. One clarification, if I can. Where is the Court getting its evidence that there was no warrant?
THE COURT: I have asked whether there was a warrant or not. The defense counsel says there was not. The prosecution doesn't show me that there was, and the file doesn't show that there was, and I don't think that I have any reason to believe that there was a warrant.
MR. WILSON: And without the taking of testimony, the Court ruling is that there was no warrant; and, therefore, the arrest and the subsequent search is not a valid arrest or search?
THE COURT: Well, let me put it to you another way. Do you indicate to this Court that there was a warrant?
MR. WILSON: I'm not indicating anything, Your Honor. I am here to listen to what the defense has to say.
THE COURT: Well, I have no reason to believe that an Officer of this Court would lie. I don't think Mr. Horton is lying when he says there is no warrant. I believe there is no warrant, particularly if the file doesn't say that there is a warrant.

*807 MR. HORTON: I will say it this way, sir. To my knowledge there was no warrant, and my investigation has produced none. If there is one, I don't know about it.
THE COURT: And the motion speaks that there was no warrant, and you have been served with a copy of the motion so that if there were one, all you would have to do is show me that there was one." (Emphasis ours.)
Essentially, it is the State's contention that the trial court failed to follow the proper procedure set fourth in the Florida Rules of Criminal Procedure. Rule 3.190(h) sets forth the grounds for the motion to suppress, the contents of the motion, the hearing thereon, and the time for filing thereof. In particular, subsections (2) and (3) of Rule 3.190(h) relating to the contents and hearing provide:
"(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence." (Emphasis ours.)
It is the State's position that the court erred in granting defendant's motion to suppress without requiring the defendant to "present evidence supporting his position". A review of the record reflects that defendant offered no testimony to support the allegations of his motion; in fact, neither the defendant nor the State called witnesses. Instead, the trial court relied upon the court file of the particular proceeding which reflected the absence of any warrant.
The State urges that the defendant must present evidence to support his motion; that the motion itself is not evidence nor is the court file sufficient to comply with the "evidence" requirement placed upon the moving party. Clearly, a motion to suppress (and the allegations therein) are not "evidence" nor do they comply with the necessity of defendant to "present evidence supporting his position". Nonetheless, if the motion asserts a fact issue which is reflected in and can be resolved by an inspection of a court file we can see no reason why this assertion may not, under certain limited circumstances, constitute "evidence supporting his" (defendant's) "position".
As early as 1847 our courts have taken judicial notice of their own records. Randall v. Parramore, 1 Fla. 409 (1847); Foxworth v. Wainwright, 167 So.2d 868 (Fla. 1964). If a motion to suppress asserts as a basis therefor the absence of a warrant for the seizure of the property, we can discern no legal impediment to a court taking judicial notice of its own files and records in the case pending before it to determine the existence vel non of such a warrant. The ascertainment (by judicial notice) that the court file contains no such warrant is "evidence supporting his position" with respect to the defendant's allegation that the "property was illegally seized without a warrant" just as if direct testimony was introduced. See 13 Fla.Jur., Evidence, sec. 42.
The burden is upon the defendant (the moving party) to prove that the search was invalid; that burden can initially be met by a motion asserting the absence of a warrant and the court judicially noticing that its own file in the cause contains no such warrant. When the defendant's initial burden is met, it then shifts to the state to sustain the validity of the search. State v. Lyons, 293 So.2d 391 (Fla.App. 1974); Bicking v. State, 293 So.2d 385 (Fla.App. 1974); Urso v. State, 134 So.2d 810 *808 (Fla.App. 1961). See also United States v. Harris, 5 Cir.1973, 479 F.2d 508. In Lyons, supra, 293 So.2d at 393, the Second District made the following pertinent observations:
"Thus what is required of the defendant is an initial showing of the search's invalidity, whereupon the burden of going forward shifts to the state. Two aspects of the rule would require, first of all, a pleading sufficient within itself to allege an unlawful search, and secondly, at the hearing, a prima facie showing of invalidity. ..." (Emphasis ours.)
In our view a prima facie showing of invalidity may be made by motion supported by evidence which the court may judicially notice. We do not deem it essential, in this regard, for defendant to introduce testimonial or documentary evidence with respect to the existence vel non of a warrant in the court file (although the better practice may suggest an affidavit by a court officer to that effect). If the court is capable of resolving an evidentiary matter, as in this case, by an inspection of its own files we see no purpose to be gained other than a prolongation of criminal proceedings to require that the defendant perform an unnecessary act.
In the case sub judice when the defendant demonstrated a warrantless arrest and search a prima facie showing of invalidity was thereby established satisfying the defendant's burden under Rule 3.190(h)(3); the burden then shifted to the state to prove a legal search which it failed to do. See Bicking v. State, supra. It is well established that the ultimate burden of proof as to the validity of a warrantless search is on the state. Mann v. State, Fla.App. 1974, 292 So.2d 432. Certainly the state had every opportunity to offer rebuttal evidence either by producing the warrant, if one was in existence, or by presenting testimony bearing upon the validity of the defendant's arrest and search. Having so failed to do, the trial court was left with no alternative but to grant defendant's motion to suppress.[2]
Accordingly, the trial court's order is affirmed.
WALDEN and CROSS, JJ., concur.
NOTES
[1] "4. The facts upon which this motion is based may be summarized as follows:

On the 11th day of December, 1973, Officer William Fore received information from a confidential informant that the Defendant might be holding a small quantity of Hashish. There was no indication in the information passed to the officer that the confidential informant had personal knowledge that the Defendant possessed any illegal substance at the time the information was passed. The Officer was told that the Defendant was at the Golden Que poolroom in the Conway Circle Shopping Center, Orlando, Florida. He was described as tall, thin with blonde hair and as driving a late model yellow Pinto.
The officers went to the above-mentioned location but the Defendant was not there. Approximately forty-five minutes later, the Defendant drove up to the poolroom and parked his car. The police vehicles were immediately driven in behind the Defendant's automobile, blocking movement.
The Defendant was arrested, removed from his vehicle and searched. The police removed a glass container from the pocket of the Defendant which contained a small quantity of material. The officers performed a valtox test on the material which indicated it was Hashish. The defendant was taken to the Orange County Jail."
[2] Although there is merit to defendant's contention regarding judicial notice, this rule of evidence cannot satisfy the requirement that the motion "clearly state the particular evidence sought to be suppressed". As heretofore noted, defendant sought to suppress "all tangible items of property and other evidence seized by the police from the defendant, his automobile or his premises". This general allegation does not comply with the requirements of Rule 3.190(h) prescribing the contents of every motion to suppress. Cf. State v. Butterfield, 285 So.2d 626 (Fla.App. 1973). The state raises this noncompliance in this appeal, however, the record below does not indicate that this matter was ever properly brought to the attention of the trial judge in his determination as to the legal sufficiency of the motion; an appellate court will not reverse a trial judge on a matter which is not presented to him for a ruling. Dickenson v. State, 261 So.2d 561 (Fla.App. 1972).