549 So.2d 673 (1989)
Michael A. RILEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 67906.
Supreme Court of Florida.
October 5, 1989.
Marc H. Salton, New Port Richey, Milton Hirsch, Miami, and Craig C. Villanti, New Port Richey, for petitioner.
Robert A. Butterworth, Atty. Gen., Cloyce L. Mangas, Jr., Gen. Counsel, Dept. of Legal Affairs, Tallahassee, Parker D. Thomson, Sp. Asst. Atty. Gen., Miami, and Candance M. Sunderland and Peggy A. Quince, Asst. Attys. Gen., Tampa, for respondent.
BARKETT, Justice.
Michael A. Riley was charged with two controlled substance violations as a result of the seizure of marijuana plants which police detected during the course of an aerial surveillance of his backyard. Riley filed a motion to suppress evidence and the trial court, following a hearing, granted that motion. The state appealed and the district court reversed the trial court in State v. Riley, 476 So.2d 1354 (Fla.2d DCA 1985).
In Riley v. State, 511 So.2d 282 (Fla. 1987), this Court decided that police needed a warrant to view the interior of a greenhouse in Riley's residential backyard from a helicopter located 400 feet above. On the facts of this case, a plurality of the United States Supreme Court reversed this Court. Florida v. Riley, ___ U.S. ___, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989).
All nine justices of the United States Supreme Court agreed that the record *674 lacked evidentiary development of Riley's claimed expectation of privacy. As to whether Riley or the state had the burden of proving the reasonableness of that expectation, however, there was disagreement.
Justice White, writing for four members of the Court, implied that Riley had the obligation of supporting his claim:
[T]here is no indication that such flights are unheard of in Pasco County, Florida... .
... [T]here is nothing in the record or before us to suggest that helicopters flying at 400 feet are sufficiently rare in this country to lend substance to respondent's claim that he reasonably anticipated that his greenhouse would not be subject to observation from that altitude.
Id. 109 S.Ct. at 696-97 (footnote omitted). Justice O'Connor expressed the following opinion:
[T]he defendant must bear the burden of proving that his expectation of privacy was a reasonable one....
Because there is reason to believe that there is considerable public use of airspace at altitudes of 400 feet and above, and because Riley introduced no evidence to the contrary before the Florida courts, I conclude that Riley's expectation that his curtilage was protected from naked-eye aerial observation from that altitude was not a reasonable one.
Id. at 699 (O'Connor, J., concurring in judgment) (citations omitted).
The remaining justices argued that the state ought to bear the burden of proof. Justice Brennan wrote:
What separates me from Justice O'Connor is essentially an empirical matter concerning the extent of public use of the airspace at that altitude, together with the question of how to resolve that issue... .
... Because the State has greater access to information concerning customary flight patterns and because the coercive power of the State ought not be brought to bear in cases in which it is unclear whether the prosecution is a product of an unconstitutional, warrantless search, the burden of proof properly rests with the State and not with the individual defendant. The State quite clearly has not carried this burden.
Id. at 704 (Brennan, J., dissenting, with whom Marshall and Stevens, JJ., join) (citation and footnote omitted). Justice Blackmun shared that position:
[B]ecause I believe that private helicopters rarely fly over curtilages at an altitude of 400 feet, I would impose upon the prosecution the burden of proving contrary facts necessary to show that Riley lacked a reasonable expectation of privacy... .
In this case, the prosecution did not meet this burden of proof... .
Id. at 705 (Blackmun, J., dissenting).
A majority of the United States Supreme Court agreed that the record below lacked evidentiary development concerning the reasonableness of Riley's expectation of privacy. Accordingly, we vacate our previous decision and remand to the district court with directions to return the matter to the trial court for further proceedings consistent with the opinion of the United States Supreme Court in this cause.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
McDONALD, J., concurs with an opinion.
GRIMES, J., did not participate in this case.
McDONALD, J., concurring.
I concur that under the dictates of the United States Supreme Court in Florida v. Riley, ___ U.S. ___, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989), we must vacate our previous decision and remand to the district court with directions to return the matter to the trial court for further proceedings consistent with the opinion of the United States Supreme Court in this case. Should there be any doubt as to the scope of those proceedings, the holding of the Supreme Court's decision is summarized by Justice Blackmun in his dissent when he, complaining *675 that there had been no evidentiary hearing on the burden of proof issue which he felt was indicated, stated:
The order of this Court, however, is not to remand the case in this manner. Rather, because Justice O'Connor would impose the burden of proof on Riley and because she would not allow Riley an opportunity to meet this burden, she joins the plurality's view that no Fourth Amendment search occurred. The judgment of the Court, therefore, is to reverse outright on the Fourth Amendment issue.
Id. 109 S.Ct. at 705-06.