PARKER, Judge,
specially concurring.
Although the state may have had sufficient evidence to prevail at a hearing on the defendant’s motion to suppress seized marijuana plants, I concur that the trial court’s order granting the motion to suppress must be affirmed.
The motion alleged that this was a war-rantless search. Neither the state nor the defendant presented any evidence or testimony at the suppression hearing. The defendant’s counsel informed the trial court that the facts in this case were the same as another case[1] which the trial court apparently recently heard. The defense attorney then advised the trial court that personnel from the sheriff's office flew a helicopter over the property and saw marijuana plants in pots on the property. The defense attorney further advised that a uniformed deputy was sent to the residence, seized the plants, and took a statement from the defendant. The state stipulated to those facts and added that a trail led from the house to the plants and that a water hose extended from the house to the plants in an unfenced open field.
Following those factual representations, the defense argued that a search warrant was necessary and noted the Riley case, which we assume to be Riley v. State, 549 So.2d 673 (Fla.1989). The state cited no cases and presented no theory as to the lawfulness of this search. Two weeks later the trial court entered an order granting the motion to suppress.
On appeal, the state relies upon the “open fields” doctrine which the United States Supreme Court recognized iri Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). The state’s problem, in my opinion, is that the prosecutor below had a duty to present evidence through live testimony or stipulated facts to establish that the state had met the “open fields” exception which permits law enforcement to enter upon property without a search warrant and seize contraband. It was the state’s burden to go forward in the hearing on the motion to suppress when the trial court had taken judicial notice of its own files and determined that there was no search warrant obtained in the case. See State v. Lyons, 293 So.2d 391 (Fla. 2d DCA 1974). Although this case may in fact involve the “open fields” doctrine, the state’s effort below fell far short to permit this court to find any evi *1293 dence to tion. support the “open fields” excep-

. There are no other facts in this record as to that other case.