PARKER, Judge,
concurring.
I concur with the majority’s result; however, I would reverse based upon the legal insufficiency of the defendant’s motion and the trial court’s failure to comply with Florida Rule of Criminal Procedure 3.190. Rule 3.190 which provides the method by which a motion to suppress evidence and an admission or confession should proceed in the trial court, states:
(h) Motion to Suppress Evidence in Unlawful Search.
[[Image here]]
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence.
[[Image here]]
(i) Motion to Suppress a Confession or Admission Illegally Obtained.
(1) Grounds. Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
[[Image here]]
(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion. I conclude that McCray’s motion to sup-
press is legally insufficient under the rule. The first and last paragraph of McCray’s motion state:
THE DEFENDANT, CARLTON L. McCRAY, by and through his undersigned attorney pursuant to Florida Rules of Criminal Procedure 3.190 and hereby moves this Honorable Court for an Order suppressing all the evidence obtained with regard to Defendant’s arrest in the above captioned matters and as grounds therefore would show:
[[Image here]]
WHEREFORE, Defendant moves this Honorable Court for an Order suppressing any and all evidence, statements, contraband, pills and drugs pertaining to Defendant’s arrest which were obtained at the time of the illegal arrest.
The facts set out in the motion neither allege the seizure of any evidence nor that the officer obtained any admission or confession. Even though the burden is on the state to point out the legal insufficiency of the motion, I believe the ultimate burden still rests with the trial court to determine whether the motion is legally sufficient. See State v. Jackson, 513 So.2d 797 (Fla. 4th DCA 1987). I conclude that this record does not support that the trial court ever determined the legal sufficiency of the motion.
I am aware that the Fourth District, in State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975), which involved an order granting a motion to suppress evidence, concluded that an appellate court will not reverse a trial judge on a matter which is not presented to the trial judge for a ruling. Hinton, 305 So.2d at 808 n. 2. Hinton cites Dickenson v. State, 261 So.2d 561 (Fla. 3d DCA 1972) as support for that position. In Dickenson, the defendant filed a motion to suppress evidence, continued the hearing, and then alleged on appeal that the rule required a hearing on the defendant’s motions before trial. Dickenson concluded that an appellate court will not reverse a trial judge upon a matter which is not presented to him for *1020 ruling unless a party has shown that fundamental error occurred. While I agree with Dickenson, I disagree with the footnote in Hinton because Florida Rule of Criminal Procedure 3.190(h)(3) contains the word “shall,” a mandatory requirement upon the trial court to determine the legal sufficiency of the motion. While this court can find harmless error when the trial court does not determine the legal sufficiency of a motion to suppress evidence if that motion in fact is legally sufficient, I do not believe that the reverse is true. If the trial court does not determine the legal sufficiency of a motion filed pursuant to rule 3.190(h) and this court determines that the motion is legally insufficient, I conclude that the mandatory language of rule 3.190 requires reversal.
Although Jackson further provides that the trial court’s order shall state with particularity the specific evidence that is to be suppressed, I find no support for that in the rule. The order in this case states: “Ordered and adjudged that Defendant’s Motion to Suppress which was heard ... be and the same is hereby granted.” Although it is obviously a better practice to identify specifically the evidence that is to be suppressed in the order, the rule does not require it. This case points out why a specific order from the trial court would be helpful. McCray’s motion sought to suppress all evidence and all statements obtained in this arrest. The trial court’s order states, as to McCray’s motion, “the same is hereby granted.” Because the state and McCray argue only the cocaine seizure, am I to conclude that they both conceded that the beer and wine containers and any confession by McCray were inadmissible and rightly suppressed? I cannot determine from this motion, order, or record the answer to this question; therefore, I am precluded from making a harmless error analysis. This is precisely the reason I conclude that McCray and the trial court must comply with rule 3.190.