203 So.2d 609 (1967)
Nicholas CAPPETTA, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 36394.
Supreme Court of Florida.
November 8, 1967.
Nicholas Cappetta, in pro. per.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
CALDWELL, Chief Justice.
This cause is before us on petition for writ of habeas corpus seeking release of petitioner who is presently serving a five-year sentence for breaking and entering (Case No. 62-5350) imposed January 10, 1963, by the Criminal Court of Record, Dade County. On the same date, petitioner received a consecutive sentence of five years in Case No. 62-5584 for possessing burglary tools. On September 28, 1966, the Court of Record, Broward County, sentenced petitioner to five years for escape. The convictions in Cases Nos. 62-5350 and 62-5584 were affirmed on appeal.[1] Petitioner contends he was previously, on October 2, 1962, tried in Case No. 62-5350 and acquitted.
Petitioner's first motion to vacate, alleging he was not indicted by a grand jury, *610 was denied March 31, 1964. His second motion to vacate filed July 13, 1966, stated as grounds: (1) double jeopardy, (2) selfincrimination by virtue of being placed in a line-up and (3) no appearance before a committing magistrate. This motion was denied September 22, 1966, but the order of denial was not received by petitioner until January 10, 1967, too late for appeal.
We issued the writ and have considered the return and supplemental return of respondent, as well as the petition and reply brief of petitioner. Because petitioner did not receive notice of the denial of his second motion to vacate until too late to appeal, a fact admitted by respondent, we have considered the merits of the motion to vacate filed July 13, 1966.[2]
Petitioner's allegation that on October 2, 1962, he was acquitted in Case No. 62-5350 and subsequently convicted in the same case is disproved by the certificate of the Clerk of the Criminal Court of Record, Dade County, attached as Exhibit "I" in respondent's supplemental response. The other points raised by the motion to vacate, (self-incrimination, and failure of the officers to take petitioner before a committing magistrate,) are not raised on habeas corpus in this court and must be deemed abandoned.
Additional points raised here for the first time are: (1) That inadmissible testimony was introduced into evidence at the trial; (2) that defendant's counsel had inadequate time to prepare the case; (3) that petitioner was not indicted by grand jury. Points One and Three do not state grounds upon which relief may be granted.[3]
As to Point Two, the record shows that petitioner was represented at the trial by the same privately retained counsel who previously represented him in other cases. Petitioner alleges that the record is incorrect and he was in fact represented by another attorney who was retained by him the night before the January 3, 1963 date set for trial and that the attorney requested but was denied a continuance. However, the trial was subsequently postponed until January 10, 1963. It has been held that the mere fact that counsel is appointed the day of the trial does not establish deprivation of a fair trial,[4] and that one may not contest the competency of privately retained counsel.[5] Petitioner does not contend the failure to retain counsel until the day before the date set for trial was attributable to other than his own neglect.[6]
Accordingly, writ of habeas corpus is discharged.
It is so ordered.
THOMAS, ROBERTS, DREW and ERVIN, JJ., concur.
NOTES
[1] Cappetta v. State, 162 So.2d 309 (Fla.App.3rd 1964).
[2] State ex rel. Ervin v. Smith, 160 So.2d 518, 521 (Fla. 1964). Accord. Jackson v. State, 166 So.2d 194 (Fla.App.3rd 1964); Burke v. State, 160 So.2d 523 (Fla.App.1st 1964).
[3] Warner v. Cochran, 135 So.2d 421 (Fla. 1961); Kirkland v. State, 165 So.2d 774 (Fla.App.3rd 1964); Ziegler v. State, 180 So.2d 477 (Fla.App.3rd 1965); Brooks v. State, 188 So.2d 883 (Fla.App. 4th 1966); Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927); Henderson v. State, 174 So.2d 73 (Fla.App.3rd 1965).
[4] State v. Barton, 194 So.2d 241 (Fla. 1967).
[5] Everett v. State, 161 So.2d 714 (Fla.App. 3rd 1964).
[6] See, King v. Wainwright, 368 F.2d 57 (C.A.Fla. 1966).