231 So.2d 256 (1970)
Michael Miles BELSKY, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-575.
District Court of Appeal of Florida, Third District.
February 10, 1970.
*257 Mitchell M. Goldman and Nickolas Capuano, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an appeal from an order denying appellant's motion made pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., for post conviction relief. The order of denial was entered after the trial judge conducted a full evidentiary hearing.
The appellant was indicted for first degree murder. He was represented by a privately employed attorney, who advised the appellant to plead guilty. The appellant tendered a guilty plea. After an exhaustive examination in open court to determine if the plea was intelligently and voluntarily entered, the court accepted the plea and sentenced the appellant to life imprisonment.
Appellant now urges that his privately employed attorney was incompetent and that therefore he was denied the effective assistance of counsel. Although the trial court took evidence on this allegation and determined that it was not true, we think it should be further pointed out that generally a defendant may not attack the competency of his privately retained counsel. See Frizzell v. State, Fla.App. 1968, 213 So.2d 293; Everett v. State, Fla.App. 1964, 161 So.2d 714. Appellant relies upon United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3rd Cir.1968), for a contrary holding. The exception made in that case is inapplicable here, since there: (1) the trial court failed to conduct any inquiry into the defendant's understanding of the nature and consequences of his guilty plea; (2) trial counsel failed at any time to explain to his client the nature of a guilty plea; (3) the defendant's testimony at trial basically contradicted his guilty plea. None of these circumstances is present in the instant case.
Appellant also urges as a factor on the issue of the adequacy of his representation the suggestion that his lawyer was not qualified to represent him because the lawyer had previously represented another individual when that individual had been questioned by the authorities about the crime of which appellant was convicted. This record reveals that this circumstance was fully explained by counsel to his client and that at the evidentiary hearing on the petition for relief, the appellant admitted knowing of the circumstances prior to accepting the privately employed counsel.
Having reviewed the record in the light of appellant's contentions in his motion for relief, we hold that the trial court correctly denied the motion.
Affirmed.