WIGGINTON, Judge.
Appellant seeks review of a final order denying his motion for post-conviction relief filed pursuant to the provisions of Rule 1.850, Rules of Criminal Procedure, 33 F.S.A. Appellant asserts that the record affirmatively supports the allegations of his motion that he was denied the effective assistance of counsel during his trial on a charge of assault with intent to commit murder in the first degree, contrary to his constitutionally guaranteed rights to due process and equal protection of the laws, and that the trial court erred in denying his motion without an evidentiary hearing.
The record reveals that appellant was charged in the Circuit Court of Wakulla County with assault with intent to commit murder. Before, during, and after his trial he was represented by privately employed counsel of his own choice. His case was tried to a jury which returned a verdict of guilty of aggravated assault on October 4, 1966. His trial counsel timely filed an appeal to this court seeking review of the judgment of conviction and sentence imposed upon appellant, which appeal resulted in a decision of affirmance rendered on October 3, 1968.[1] On February 26 and April 5, 1969, the attorney who represented appellant both at his trial and on appeal was examined by a medical doctor who expressed the opinion that the attorney was suffering from some type of mental disorder which had its origin in an injury suffered in a vehicular accident some years prior to appellant’s trial. The results of these examinations were submitted to the Supreme Court of this state which rendered an order on March 19, 1969, prohibiting the attorney from engaging in the practice of law until further order of the court.
On July 2, 1969, appellant filed his motion for post-conviction relief seeking to have the judgment of conviction and sentence rendered against him set aside. The able trial judge who presided at appellant’s trial considered the motion and rendered a comprehensive three-page order denying the relief prayed. No evidentiary hearing was granted but the decision on the motion was based upon a consideration of the record of the trial proceedings and the trial court’s independent recollection of the manner in which it was conducted.
At the outset it must be observed that the courts of Florida have consistently held that when an accused employs counsel of his own choice to represent him in a criminal prosecution, he waives the right to question the competency of that counsel.[2] Despite the foregoing principle of law which the trial judge fully recognized, he nevertheless proceeded to carefully exam *25 ine the record of appellant’s trial proceedings for the purpose of determining whether anything reflected therein could be construed to indicate that the mental condition of appellant’s counsel in the case was such as to make the trial a farce and negate a valid judicial inquiry into the guilt or inno-cense of appellant. The trial judge carefully analyzed the record of the proceedings in light of the several allegations of appellant’s motion charging dereliction of duty by his counsel during the trial, and found each of such allegations to be affirmatively and conclusively refuted by the record proper. Under such circumstances it is discretionary with the trial court as to whether an evidentiary hearing will be held, and its denial of a motion for such a hearing will not be disturbed on appeal.[3]
As did the trial judge, we have carefully reviewed the record of the appeal brought to this court by appellant’s trial counsel and fail to find anything therein which could be calculated to reflect adversely upon the mental ability of appellant’s counsel to properly present the appeal for our review.
Although the record affirmatively establishes that appellant’s former counsel was found in 1969 to be suffering from some type of mental disorder which impaired his ability to engage in the practice of law, there is no competent or substantial evidence of any considerable probative value which tends to establish that appellant’s attorney was suffering from this disability in 1966 during the period of time he was engaged in the trial of the offense in the circuit court. The psychiatrist who examined the attorney in 1969 speculated in a highly conjectural manner that the attorney could have been suffering from a mental disorder ever since the time of his injury antedating the time of appellant’s trial, but such statement is in our judgment nothing short of unreliable guesswork which cannot be dignified as evidence of probative value. It is also noted that these examinations were conducted at a time when the attorney was under investigation for having allegedly violated obligations of professional responsibility owed other clients, which situation could be considered to have been the primary cause of his confused mental condition rather than the vehicular accident which occurred many years previously.
Upon a careful consideration of the entire trial proceedings in which appellant was involved in the trial court which resulted in the conviction and sentence which he now seeks to have set aside, as well as the record of the appellate proceedings on file in this court, we are satisfied that appellant was represented throughout by mentally competent counsel of his own choice and that he was accorded every constitutional guarantee of due process and equal protection of the laws. The order appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Humphries v. State, (Fla.App.1968) 215 So.2d 45.

. Byrd v. State (Fla.App.1969) 220 So.2d 14; Frizzell v. State, (Fla.App.1968) 213 So.2d 293; Ford v. State, (Fla.App.1968) 210 So.2d 33; Cappetta v. Wainwright, (Fla.1967) 203 So.2d 609; Simpson v. State, (Fla.App.1964) 164 So.2d 224; Everett v. State, (Fla.App.1964) 161 So.2d 714.

. Roy v. Wainwright, (Fla.1963) 151 So.2d 825.