235 So.2d 545 (1970)
J.C. STONOM, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. N-184.
District Court of Appeal of Florida, First District.
May 26, 1970.
J.C. Stonom, in pro. per.
Earl Faircloth, Atty. Gen., and J. Christian Meffert, Asst. Atty. Gen., for respondent.
RAWLS, Judge.
By petition for writ of habeas corpus, Stonom seeks his freedom. We issued rule nisi and now act upon the State's return *546 to said rule and petitioner's rebuttal of the return.
On the 17th day of April 1961, Stonom was adjudged guilty of assault with intent to commit rape and sentenced to a term of 10 years. He was duly committed and served a portion of this sentence when on the 19th of June 1963, pursuant to a motion to vacate, the trial judge set aside the initial conviction. Due to lack of space in the county jail, the trial judge remanded Stonom to the custody of the Superintendent of the State Prison at Raiford to be safely kept until he could be rearraigned and tried upon the charges. An information sheet contained in the record dated December 23, 1963, discloses that Stonom advised that he intended to plead guilty to the charge. On December 23, 1963, the trial judge entered an order of probation reflecting that the court, pursuant to a plea of guilty, adjudged him to be guilty of the crime of assault with intent to commit rape, and suspended imposition of sentence and placed Stonom on probation for a period of 5 years. The order of probation specifically recited that the court could at any time, as provided by law, vacate the order of probation and impose that sentence which might have been imposed in the first instance. On March 16, 1964, an affidavit of violation of probation was verified before the trial judge. This affidavit reflected that defendant admitted he left his place of residence in Starke, Florida, on the night of February 7, 1964, and his whereabouts was unknown to his supervisor until his arrest by the Indian River County authorities. On November 30, 1964, the trial judge entered an order of revocation of probation. It is noted that all of the foregoing proceedings were handled by the same trial judge. However, for reasons not reflected by the record, on November 30, 1964, another trial judge of the same judicial circuit entered the judgment and sentence in the following language:
"J.C. Stonom, you have entered a Plea of Guilty for the Violation of Section `A' of your Violation [sic]. The Court Ordered your Probation revoked. Do you have anything to say why the Sentence of the Law should not be passed upon you? Saying nothing sufficient, IT IS THE ORDER, JUDGMENT AND SENTENCE OF THE COURT, that you be delivered by the Sheriff of Baker County to the proper Officers of the Division of Corrections at the State Prison at Raiford there to be confined at hard labor for the full term of fifteen (15) years."
Consequently a summary of the record before us reflects basically that this defendant was initially sentenced in 1961 upon a plea of guilty to a period of 10 years; by a collateral attack he successfully set aside this sentence in the year 1963, and at that time was placed on probation for a term of 5 years. His probation was revoked by the same trial judge who initially adjudicated his guilt and imposed sentence. However, another trial judge handled his last adjudication of guilt and imposed sentence on the same date that the initial trial judge revoked his probation. We find nothing in the record relating to the motivation of the second trial judge in imposing a more severe sentence upon defendant than that imposed at his initial conviction. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, states the controlling principle. In that case the Supreme Court of the United States held that: (1) punishment already exacted must be fully credited in imposing sentence upon a new conviction for the same offense; and (2) that the due process clause of the Fourteenth Amendment requires that vindictiveness against the defendant must play no part in the sentence he receives after a new trial and to assure the absence of such motivation whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear and the factual data upon which the increased sentence is based must be made a part of the record for purposes of reviewing *547 the constitutionality of the increased sentence.
No such reasons or factual data appear in this record for the imposition of the more severe sentence.
The State contends that the matters and things set forth by petitioner in his petition for habeas corpus are res adjudicata in that the Supreme Court of Florida on September 21, 1966, entered its judgment denying relief for petitioner. There are two reasons why the Supreme Court's judgment is not controlling, viz.: (1) the order simply recites "* * * that petitioner, according to the record now before us, is not entitled to his liberty, so the writ of habeas corpus is discharged and petitioner is remanded to custody", and (2) the Supreme Court of Florida was not benefitted with the cited decision of the United States Supreme Court reflected in North Carolina v. Pearce, supra, which was rendered June 23, 1969. The State further contends that the same matter was presented to the United States District Court for the Middle District of Florida and relief denied by order of that Court dated October 21, 1968. It is likewise observed that the Federal District Court did not have the benefit of the opinion of the United States Supreme Court in North Carolina v. Pearce, supra. Of even more importance, it is axiomatic that a decision of a Federal trial court, while persuasive if well reasoned, is not by any means binding on the courts of a state. New York Central Railroad Co. v. Lefkowitz, 23 N.Y.2d 1, 294 N.Y.S.2d 519, 241 N.E.2d 730, 737; Hall v. Seaboard Maritime Corp., 104 So.2d 384 (Fla.App. 1st 1958); and 21 C.J.S. Courts § 206.
We hold that the sentence imposed on November 30, 1964, for a period of 15 years is invalid to the extent that it exceeded the initial 10-year sentence imposed on April 17, 1961. The respondent is directed to compute petitioner's time served from the institution of his initial sentence on April 17, 1961, and if such computation discloses that the petitioner has, with credit for good time, completed his 10-year sentence, to discharge him from custody.
JOHNSON, C.J., and SPECTOR, J., concur.