PER CURIAM.
By information appellant was charged with grand larceny, of which offense he was found guilty by a jury. On May 21, 1971 he was so adjudged, and sentenced to imprisonment for one year. The place of confinement was not stated in the sentence.
A motion for relief from the conviction and sentence was denied by the trial court on March 8, 1972. An appeal therefrom was dismissed by this court on November 1, 1972.
Thereafter, on November 13, 1972, the appellant filed a motion under Rule 3.850 CrPR, 33 F.S.A., for relief from the judgment and sentence. On November 20, 1972, the trial court denied the motion, and by a separate order specified that the confinement to which the defendant was sentenced was in the state penitentiary.
The defendant filed an appeal from the latter ruling (No. 72-1504) and filed a separate appeal (No. 72-1453) from the order denying his motion for relief under Rule 3.850 CrPR. The appeals were consolidated by order of this court. In the brief filed on behalf of the appellant, no point is stated or argued with reference to the order above referred to relating to the confinement or place of confinement. On the appeal from the order denying the motion for relief filed under Rule 3.850 CrPR, the appellant makes two contentions. First, that he was incompetently represented at the trial by his privately employed attorney. That contention is without merit. See Everett v. State, Fla.App.1964, 161 So.2d 714. Secondly, that he was deprived of a fair trial, because of such improper or ineffective representation by his counsel at trial. We find no merit in the latter contention. See Parks v. State, Fla.App.1972, 256 So.2d 40.
The judgments are affirmed.