**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harland L. RADUE, Defendant-Appellant.**

No. 73-2182

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1973.

Rehearing and Rehearing En Banc Denied Dec. 19, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Gary P. Smith, Birmingham, Ala., (Court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The United States filed an information charging appellant Radue in count one with willfully failing to make an income tax return and in count two with willfully failing to supply required information on IRS form 1040, both in violation of 26 U.S.C. § 7203 (1970).[1] At the arraignment, Radue waived counsel and entered a plea of not guilty. The trial resulted in a jury verdict of guilty as to both counts, and accordingly the judge sentenced Radue to concurrent terms of one year on each of the two counts. We affirm.

The contentions raised in this pro se appeal are expressed in a somewhat disjointed and imprecise manner.[2] Nevertheless, after an exacting scrutiny of the

---

1. § 7203 *Willful failure to file return, supply information or pay tax*

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

As amended June 28, 1968, Pub.L. 90–364, Title I, § 103(e)(5), 82 Stat. 264.

2. The trial court did appoint counsel to assist in the preparation of Radue's defense. Despite Radue's continued rejection of assistance, counsel persisted in attempting to oversee the conduct of the trial and in offering assistance on appeal. We commend counsel for his perseverence in this matter. After continued difficulty with Radue, including his refusal to permit counsel to file a brief on this appeal, court appointed counsel has filed a motion seeking to be relieved as counsel. We have now granted that motion.

222

briefs filed, we have endeavored to identify these contentions and characterize them as follows. First, that because the government alleged income in the criminal information in the amount of $13,237 and only proved that Radue had an income of $12,793.14, there was a fatal variance between the pleading and proof. Second, that the two counts pleaded in the information were duplicitous. Third, that the judgment and conviction must fail because the jury was unconstitutionally impanelled. Fourth, that the criminal information itself was unconstitutional and void, because it was unverified. Fifth, the criminal prosecution itself was illegal because it was not preceded by some form of administrative action. And finally, the trial court committed numerous errors in its instructions to the jury.

■■ Radue's most substantial contention is the second, namely that the two counts contained in the information were duplicitous. Because Radue filed a blank form 1040 as a protest, the government was faced with a dilemma. Since a "blank" 1040 form does not constitute a return, *see* United States v. Douglass, 476 F.2d 260 (5th Cir. 1973), the government could elect to prosecute for failure to file. Conversely, since a blank form obviously omits certain information, the government could elect to prosecute for failure to supply information. The government resolved the dilemma by including both counts in the information. In view of the sentence imposed by the trial court, we reject Radue's contention under the concurrent sentence doctrine, *see* Harabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 1378, 87 L.Ed. 1774, 1778 (1943); United States v. Cawley and Wiggs, 481 F.2d 702, 711 (5th Cir. 1973); United States v. Payne, 467 F.2d 828, 831 (5th Cir. 1972).

The other contentions raised on appeal lack merit. Accordingly, we affirm the judgment of the district court.

Affirmed.

