UNITED STATES of America,
Plaintiff-Appellee,

v.

Virgil B. CHRANE,
Defendant-Appellant.

No. 75–1520
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 12, 1976.

Virgil B. Chrane, pro se.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

GODBOLD, Circuit Judge:

The defendant was convicted on four counts charging violation of 26 U.S.C. § 7203 (1970).[1] Counts One and Three charged failure to file income tax returns for 1968 and 1969. Counts Two and Four charged willful failure to supply Internal Revenue Service information on Form 1040 for each of the same respective years. He was sentenced to consecutive terms of one year on each of the first three counts and six months on the fourth count.

The Form 1040 is the familiar individual federal income tax form. For each of the years involved Chrane filed a Form 1040 on which he supplied only his name, address, occupation, social security number, signature and a notification to see exhibits that were attached. The exhibits consisted of over 200 pages of literature and a letter protesting I.R.S. taxing procedures.

■ The defendant contends that there was a fatal variance between the pleading and proof on the two counts charging failure to provide information because the government failed to prove that he was a person "liable" for a tax and thus required to supply information.[2] There was no variance. For each year in question the Internal Revenue Code required the defendant to file a return and to supply the information requested thereon if he had a gross income of more than $600. 26 U.S.C. §§ 6012(a)(1), 6011(a) and (e), (1970), *as amended*, 26 U.S.C. §§ 6012(a)(1)(A), 6011(a) and (f), (Supp. III, 1973). The government's evidence was clear that Chrane grossed over $35,000 in 1968 and over $29,000 in 1969.

There is no merit to the contentions that testimony and physical evidence introduced by the government were unlawful and prejudicial and that the court erred in its instructions to the jury.

■ Chrane claims that he was deprived of various constitutional rights. His arguments are in essence an attack on the government's choice to prosecute him for criminal violations rather than to allow him to air his views in a civil proceeding. There was no constitutional infirmity in the conviction.

■ Chrane's final contention is substantial. He argues that Counts One and Three, charging failure to file 1040 returns, and Counts Two and Four, charging failure to supply information on the Form 1040's for the same years, were multiplicitous[3] and prejudicial. The government does not claim that Chrane violated any legally-imposed duty to supply information that is broader than the obligation to supply the information called for by the Form 1040's. Indeed the indictment charges that by reason of receipt of income Chrane was required to supply information to I.R.S. and that he willfully and knowingly "fail[ed] to supply such information on a Form 1040."

1. "§ 7203 *Willful failure to file return, supply information, or pay tax*

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution. As amended June 28, 1968, Pub.L. 90–364, Title I, § 103(e)(5), 82 Stat. 264."

2. 26 U.S.C. § 6011(a) (1970) provides that any person made "liable" for a tax must make a return, and that every person required to make a return must supply the information required by the forms or regulations.

3. In his brief, defendant complains of the counts as being "duplicitous". Duplicity is the joining in a single count of two or more separate offenses. Multiplicity is the charging of a single offense in several counts. Wright, Federal Practice and Procedure § 142 p. 306 (1969 ed.). The problem here is one of multiplicity rather than duplicity.

# 1238

■ We agree with Chrane. The problem was well stated in *U. S. v. Radue,* 486 F.2d 220 (CA5, 1973), *cert. denied,* 416 U.S. 908, 94 S.Ct. 1615, 40 L.Ed.2d 113 (1974):

> Because Radue filed a blank form 1040 as a protest, the government was faced with a dilemma. Since a "blank" 1040 form does not constitute a return, *see United States v. Douglass,* 476 F.2d 260 (5th Cir. 1973), the government could elect to prosecute for failure to file. Conversely, since a blank form obviously omits certain information, the government could elect to prosecute for failure to supply information. The government resolved the dilemma by including both counts in the information.

486 F.2d at 222. Because concurrent sentences were given on the different counts in that case, the court pretermitted the issue by holding that under the concurrent sentence doctrine Radue was not prejudiced by the multiplicity.

■ Whether Chrane committed one offense or several offenses is a question of legislative intent. A helpful guideline in ascertaining this legislative intent is that announced in *Blockburger v. U. S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and recently applied in *Perkins v. U. S.,* 526 F.2d 688 (CA5, 1976). To determine whether separate offenses may be carved out of a single incident, the offenses should be examined to see whether each requires proof of a fact that the other does not. When as here, the single incident is failure to file a tax return, the government can show a violation of both willful failure to file a return and willful failure to supply information by proving (1) that defendant had a gross income exceeding $600 for the year in question (thus requiring him by law to make a return *and* to supply information); (2) that he failed to make a return (and consequently failed to sup-

ply information); and, (3) that the failure was willful. The statutory scheme contemplates that the form for a return will be filed with appropriate information noted thereon. If the form is filed in blank it is not a return. *Radue, supra.* The failure which causes a filed but blank form not to be a return is the omission of information therefrom. This single omission could not have been intended to be two offenses. The matter hardly seems even ambiguous, *see Prince v. U. S.,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *Heflin v. U. S.,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), but if it is, doubt must be resolved against turning a single transaction into a multiple offense. *Bell v. U. S.,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *U. S. v. Carty,* 447 F.2d 964 (CA5, 1971); *U. S. v. Deaton,* 468 F.2d 541 (CA5, 1972), *cert. denied,* 410 U.S. 934, 93 S.Ct. 1386, 35 L.Ed.2d 597 (1973).

■ The offenses in this case are not inconsistent ones requiring a new trial, as in *Milanovich v. U. S.,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961),[4] nor do they merely overlap in the sense that one consummated offense includes either a lesser or greater offense, in which event the remedy is merely to vacate the sentences and remand for resentencing. *U. S. v. White,* 440 F.2d 978 (CA5, 1971). The two offenses here are coterminous, in effect one offense with two labels. Defendant cannot be convicted of both, and the conviction should be on only Counts One and Three or Counts Two and Four. The case must be remanded. On remand the government must elect whether it wishes to leave in effect the convictions on Counts One and Three or those on Counts Two and Four. The government having elected, the court must then vacate the convictions on the other two counts and resentence the defendant.

The cause is REMANDED for proceedings consistent with this opinion.

4. *See also U. S. v. Gaddis,* —— U.S. ——, 96 S.Ct. 1023, 47 L.Ed.2d 222, 44 U.S.L.W. 4293 (1976).