, UNITED STATES of America,

v.

William Guillermo MORALES,
Defendant.

No. 78 CR 414.

United States District Court,
E. D. New York.

Nov. 21, 1978.

See also D.C., 460 F.Supp. 668.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y. (Ethan Levin-Epstein, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for the U. S.

Jesse Berman, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant has moved for the dismissal of Counts 2, 3, 4, and 5 of the indictment, charging him with unlawful possession of firearms (26 U.S.C. §§ 5861(c), 5861(d)) which were not registered or taxed as required by law (26 U.S.C. §§ 5821, 5822, 5841), on the ground that prosecution under these statutes would violate his Fifth Amendment privilege against self-incrimination.

■ Defendant's argument is based primarily on *Haynes v. United States,* 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which held unconstitutional former Chapter 53 of Title 26, United States Code, the predecessor to the current statute. In *Haynes,* the Supreme Court found that the registration requirement of the existing law was constitutionally impermissible because it required registration almost exclusively by those in illegal possession of a weapon and made this information available to prosecute them for illegal possession.

The current Chapter 53 (Pub.L. 90–618, 82 Stat. 1227 (1968)) was an attempt by Congress to cure the constitutional infirmity found in *Haynes. See* 1968 *U.S.Code Cong. & Admin.News,* pp. 4410, 4435. The present statute avoids the self-incrimination problem "by extending the registration obligation to all possessors of the weapons— legitimate or otherwise—and by providing that registration information may not be used directly or indirectly to prosecute a natural person for an offense prior to or concurrent with his registration." (§ 5848) *Id.* Moreover, under the new statute, it is not the possessor, but the "importer, maker, [or] transferor" who is required to register the firearm. It was held in *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28

L.Ed.2d 356 (1971), that these changes were sufficient to satisfy the Fifth Amendment requirements respecting self-incrimination.

Defendant argues that *Freed* should not be considered dispositive of his claim. In a supplementary affidavit, filed November 1, 1978, he points out that in rejecting the challenge to the statute the Court in *Freed* relied on a representation by the Solicitor General that registration information filed with the Internal Revenue Service is "as a matter of practice [not] disclosed to any law enforcement authority . . . ." Defendant submits that, in light of recent revelations of improper release of confidential I.R.S. records, such assurances are not sufficient to overcome the "real and appreciable" hazards of incrimination resulting from the registration requirements.

While recognizing defendant's legitimate concern with the practicalities of preserving the confidentiality of the registration materials, this court finds that concern insufficient to justify any departure from the position adopted by the Supreme Court in *Freed.* In appropriate cases, a court will be able to preserve the protection accorded registrants by § 5848 by imposing restrictions on any use by state and federal authorities of information obtained as a consequence of the registration requirement. *See Freed, supra,* 91 S.Ct. at 1116–17 and n. 11, *Murphy v. Waterfront Commission,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), *see also United States v. Morris,* 477 F.2d 657, 665 (5th Cir. 1973); *cf. Haynes, supra* 88 S.Ct. at 731–32, *Marchetti v. United States,* 390 U.S. 39, 58–60, 88 S.Ct. 697, 708–09, 19 L.Ed.2d 889 (1968) (refusing to impose such restrictions where statute evidenced Congressional intent that information obtained as a consequence of registration requirements be provided to interested prosecuting authorities).

Defendant has also moved that either count 2 or 3 and either count 4 or 5 be dismissed as multiplex. In paragraphs 13 and 14 of his affidavit in support of the motion to dismiss, defendant paraphrases the indictment as follows: counts 2 and 4 charge defendant with possession of an unregistered firearm; counts 3 and 5 charge failure to register the firearm. Were this in fact the case, the indictment would be multiplex. *Cf. Haynes, supra,* 390 U.S. at 90–95, 88 S.Ct. at 726–29 (holding that a conviction under the registration clause is not properly distinguishable from a conviction for failure to register for purposes of Fifth Amendment analysis).

■ However, defendant's paraphrase of the indictment is inaccurate. Counts 3 and 5 charge defendant with possession of firearms "not registered to him in the National Firearms Registration and Transfer Record" (§§ 5861(d), 5841, 5871). Counts 2 and 4 charge defendant with possession of firearms "made in violation of the provisions of Chapter 53 of Title 26, United States Code." (§§ 5861(c), 5821, 5822, 5871).

■ The term "multiplicity" refers to the practice of charging the commission of a single offense in several counts. 1 *Wright & Miller* § 142. The test to determine whether one offense or separate offenses are charged is whether each count requires proof of an additional fact that the other does not. *Id. See also Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1931); *United States v. Chrane,* 529 F.2d 1236, 1238 (5th Cir. 1976).

In this case, the only element common to both counts is the fact of possession of a firearm. Counts 2 and 4 require proof of failure to satisfy any one of five conditions for the lawful manufacture of a firearm: a) filing of an application to make and register the firearm (§ 5822(a)); b) payment of applicable "making" tax (§§ 5822(b), 5821); c) identification of the firearm in the application form (§ 5822(c)); d) identification of the maker in the application form (§ 5822(d)); and e) approval of the application (§ 5822(e)). Counts 3 and 5 require proof of failure to register the firearm to the defendant pursuant to § 5841.

Since there are separate elements for counts 2 and 4 and counts 3 and 5, the indictment is not multiplex. The motions to dismiss are denied.

Discovery matters will be considered by the court at a status conference on November 27, 1978 at 11:00 A.M., at which the parties are directed to appear.

The court reserves decision on defendant's motion to suppress certain statements, physical evidence, and identification testimony pending a pre-trial hearing. So ordered.