Averil MEDARIES, Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Appellee.

No. 78–2017

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1978.

Rehearing Denied Dec. 21, 1978.

Averil Medaries, pro se.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

In his *pro se* habeas petition in the Middle District of Florida, petitioner Averil Medaries challenged his state conviction on three grounds. Medaries claimed that his Fifth Amendment rights were violated in that the state trial court allowed to be used against him evidence from a prior trial in which he was acquitted. He also maintained that his Fourth Amendment rights were infringed by the trial court's refusal to suppress a certain conversation. Finally, Medaries contended that his Sixth Amendment rights were denied because his trial counsel [1] failed to object to certain allegedly prejudicial prosecutorial remarks. Adopting the report of the United States Magistrate, the District Court dismissed Medaries's petition for failure to exhaust state remedies on his Sixth Amendment claim.[2] In light of our recent decision in *Galtieri v. Wainwright*, 5 Cir., 1978, 582 F.2d 348 (en banc), we conclude that the District Court did not err in dismissing Medaries's petition. Before a federal habeas court may consider Medaries's petition, Medaries must seek post-conviction review of his Sixth Amendment claim in the Florida trial court that initially sentenced him.[3] See Fla.R.Cr.P. 3.850.

DISMISSAL AFFIRMED.

---

1. The Record does not show whether trial counsel was court-appointed or privately retained.

2. A dismissal for failure to exhaust is without prejudice. *Galtieri v. Wainwright*, 5 Cir., 1978, 582 F.2d 348 (en banc).

3. Petitioner contends that a Rule 3.850 motion would be futile. We disagree. This Court has recognized the futility of seeking *appellate* review of denials of Rule 3.850 motions where counsel was privately retained. *United States ex rel. Reis v. Wainwright*, 5 Cir., 1976, 525 F.2d 1269, 1272–73. However, we have nowhere indicated that such a motion is futile in the first instance, especially where, as here, we do not even know whether trial counsel was or was not privately retained.