**Richard VAGNER, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.**

**Nos. 78-478-Orl-Civ-Y, 78-538-Orl-Civ-Y.**

United States District Court, M. D. Florida, Orlando Division.

Jan. 26, 1979.

Richard Vagner, pro se.

Benedict Kuehne, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Chief Judge.

These consolidated cases are before the Court on the petition of Richard Vagner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presently in the custody of the respondent serving four concurrent three year sentences, with terms of probation to follow. After a jury found petitioner guilty of aggravated assault, aggravated battery with a deadly weapon, and two counts of kidnapping in Case No. CR77–121, the Circuit Court for Orange County, Florida sentenced petitioner on September 2, 1977 to the concurrent three year terms.

As grounds for habeas corpus relief in this Court the petitioner has alleged in Case No. 78–478–Orl–Civ–Y that his privately retained trial attorney rendered ineffective assistance of counsel. In Case No. 78–538–Orl–Civ–Y petitioner has alleged that the mandatory minimum sentencing provisions of Florida Statutes, § 775.087(2), pursuant to which petitioner received a minimum three year sentence for the aggravated battery, are unconstitutionally vague and ambiguous. The respondent was ordered to file an answer to the consolidated petitions and has done so.

Counsel for the respondent argues in his thorough and well-written answer that these petitions should be dismissed because the petitioner has failed to adequately exhaust his state remedies with respect to his claim of ineffective assistance of counsel. Although petitioner initially filed a notice of appeal with the Florida Fourth District Court of Appeal, his direct appeal was later voluntarily dismissed. *Vagner v. State,* 360 So.2d 1269 (Fla.4th D.C.A.1978). The petitioner then filed two petitions for state habeas corpus relief, one with the Florida Fourth District Court of Appeal and one with the Florida Supreme Court. Both alleged the mandatory minimum sentencing definitions of the Florida statute under which he was sentenced were unconstitutionally vague and indefinite. The District Court of Appeal denied the first petition on June 30, 1978, which was apparently an appeal from the Orange County Circuit Court's denial of a Florida Rule 3.850 motion. The Florida Supreme Court transfer-

red the petition filed with it to the District Court of Appeal, which on October 27, 1978 again denied relief.

Finally, petitioner filed a motion to correct an illegal sentence pursuant to Florida Rule 3.800, with the Circuit Court where he was convicted. This motion alleged his sentence was illegal because the charging document in his case had not alleged specifically a violation of Section 775.087(2)(b), Florida Statutes. The Circuit Court denied the motion and the Fourth District Court of Appeal was still considering the petitioner's appeal from that denial at the time the answer was filed herein.

The respondent concedes that the petitioner has adequately exhausted his available state remedies with respect to the constitutionality of the mandatory minimum sentencing statute. But the respondent argues that petitioner should also have to exhaust with respect to his ineffective assistance of counsel claim. In its order entered on October 10, 1978 in Case No. 78–478–Orl–Civ–Y, this Court directed the respondent to answer petitioner's claim of ineffective assistance of counsel on the merits. The Court's order noted that ineffective assistance of privately retained counsel does not appear to be an issue cognizable for relief under the laws of Florida. Exhaustion would therefore be futile. *See United States ex rel. Reis v. Wainwright,* 525 F.2d 1269 (5th Cir. 1976).

Respondent presents a cogent argument that exhaustion should nevertheless be required on claims of ineffective assistance of privately retained counsel. First, respondent points to the Fifth Circuit's opinion in *Medaries v. Wainwright,* 584 F.2d 756 (5th Cir. 1978). That *per curiam* decision affirmed the dismissal of a habeas petition by another judge of this Court in which one of the claims was ineffective assistance of counsel. The petition was dismissed for failure to adequately exhaust state remedies, although it did not appear from the allegations of the petition whether counsel was retained or appointed. In a footnote to its decision, the Fifth Circuit distinguished *Reis.* The footnote states that *Reis* only

holds that appellate review in Florida is unnecessary not that application to the trial court in the first instance need not be attempted. 584 F.2d at 757 n.3.

Such a policy makes sense. In the petition now before the Court the petitioner has alleged eight instances of facts which he argues prove his trial counsel was ineffective. These include allegations that his privately retained attorney allowed the state to depose a confidential witness, failed to object to a violation of the jury secrecy rule that was apparent to the prosecutor and the trial court, failed to depose certain witnesses, failed to prevent the admission of prejudicial photographs at trial, and failed to prevent the revocation of petitioner's bail prior to trial. The transcripts of these proceedings are voluminous, consisting of seven volumes.

In order to rule upon petitioner's claim this Court will have to read these transcripts in their entirety. Because this is a trial court and not an appellate court, such a task is both burdensome to the Court and unfair to other litigants. The interests of practicality, as well as comity, weigh in favor of presentation of factual questions involving the trial of a state case in the first instance to the state trial judge who presided originally so that he may attempt to resolve them.

In the case at bar, the Circuit Court judge, having tried petitioner's case, can search the record and make findings of fact with regard to petitioner's claim of ineffective assistance of counsel much quicker than can this Court, which is totally unfamiliar with the original trial proceedings. Such finding, if detailed, would then enable this Court to rule upon petitioner's constitutional claim in accordance with the standards set forth by the Fifth Circuit in *Fitzgerald v. Estelle,* 505 F.2d 1334 (5th Cir. 1974) (en banc), and its progeny.

As part of the answer the respondent has attached a copy of the District Court's order of dismissal in *Taylor v. Wainwright,* No. 77–373–JLK (S.D.Fla. Nov. 8, 1977). In that order Judge King scrutinizes the holding in *Reis v. Wainwright* in light of both

subsequent Fifth Circuit decisions and Florida law. The conclusion reached in that order is that a petition for writ of habeas corpus, filed originally with the Florida Supreme Court might prove fruitful. The Florida Supreme Court might reconsider its policy, last addressed in *Cappetta v. Wainwright,* 203 So.2d 609 (Fla.1967), not to recognize claims of ineffective assistance of privately retained counsel.

The Florida Supreme Court has never reaffirmed *Cappetta* in a subsequent decision. Numerous Florida District Courts of Appeal have of course, but they are bound by it as a controlling Florida Supreme Court precedent, and not by the decisions of lower federal courts. *State v. Dwyer,* 332 So.2d 333 (Fla.1976). Subsequent to the *Cappetta* decision the law in the Fifth Circuit has changed so as to now clearly recognize the constitutional claim of ineffective assistance of privately retained counsel. *See West v. Louisiana,* 478 F.2d 1026 (5th Cir. 1973), aff'd *in part and vacated in part on rehearing en banc,* 510 F.2d 363 (5th Cir. 1975). At the time of the *Cappetta* decision, the law in the Fifth Circuit was unclear on the question of whether state action is required to raise a claim of ineffective assistance of privately retained counsel. Two separate lines of decision had emerged from different panels of the Fifth Circuit after *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *See Fitzgerald v. Estelle,* 505 F.2d at 1335–36.

No recent decisions of the Florida Supreme Court, of which this court has been made aware, indicate that that court would be unwilling to reconsider the question of ineffective assistance of privately retained counsel in light of the recently established federal law on the question. Because petitioner has never presented his claim of ineffective assistance of counsel to any Florida court, the Florida Supreme Court would appear to have jurisdiction to consider the matter as an original proceeding. *See Jenkins v. Wainwright,* 322 So.2d 477 (Fla. 1975). If the Florida Supreme Court should find that ineffective assistance of privately retained counsel will now be recognized by Florida courts, then it could remand the petition to the State Circuit Court for findings of fact and a hearing, if necessary.

 This court therefore concludes that the petitioner has not adequately exhausted his state remedies with respect to his claim of ineffective assistance of privately retained counsel. Because these consolidated cases constitute a mixed petition, containing both an exhausted and an unexhausted claim, they must be dismissed pursuant to the holding of *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc).

Separate order will be entered in accordance herewith.

DONE AND ORDERED in Chambers at Orlando, Florida, this 26th day of January, 1979.